ALPERN *v.* ALPERN.

DIVORCE — DIVISION OF PROPERTY HELD BY ENTIRETIES — MAINTENANCE OF INFANTS—DECREE MODIFIED.

> A decree of divorce to a wife awarding to her a one-third interest, and to the husband a two-thirds interest in a land contract held by them by the entireties, valued at $18,230.22, he to pay her $1,500 out of his share, but making no provision for the maintenance of two infant sons whose custody was awarded to her, is modified, on appeal, by awarding one-third to the wife, one-third to the husband, and one-third to the wife for the maintenance of the children; the husband's share to be subject to a lien of $1,500 in favor of the wife.

Appeal from Wayne; Mandell (Henry A.), J. Submitted October 4, 1927. (Docket No. 8.) Decided December 1, 1927.

Bill by Anne P. Alpern against Edward B. Alpern for a divorce. From the decree rendered, plaintiff appeals. Modified and affirmed.

*Percy W. Grose, Howard H. Colby,* and *Bernard P. Costello,* for plaintiff.

FLANNIGAN, J. Plaintiff filed her bill against defendant for divorce, alleging extreme cruelty. He appeared and answered. On the hearing it developed he had purchased on land contract a property located on Tuxedo avenue, Detroit, and called in the record the Tuxedo. He assigned his rights under the contract to the plaintiff, but his claim was he did so with the understanding she was to take and hold the same for the joint use and benefit of both. Another property, known as the Lafayette, was purchased on land

Divorce, 19 C. J. § 482.

contract, and, at the date of the hearing, was held by
the parties by the entireties.    The purchase price of
the Tuxedo was $31,000 and of the Lafayette $45,000.
At the date of the hearing $15,214.84 of the principal
of the Tuxedo and $18,230.22 of the principal of the
Lafayette had been paid.    The accrued interest on
both contracts had also been paid.    The decree gave
plaintiff an absolute divorce and custody of the three
children of the marriage.    The rights granted by the
contract covering the Tuxedo property were confirmed
in the plaintiff and a division of the Lafayette contract
was ordered, one-third to go to plaintiff and two-thirds
to defendant.    The decree made provision for a sale
of the Lafayette if found necessary to effect a division,
and, pending such division, the control and manage-
ment of the same with authority to collect rents, make
payments on the contract, and to pay taxes and in-
surance, was committed to plaintiff, coupled with the
obligation to pay defendant two-thirds of the net pro-
ceeds after deduction of such expenses.    The decree
further ordered that, upon sale of the property to
effect a division, defendant pay plaintiff $1,500 out of
his share of the proceeds.    No provision was made
by the decree for the care, support, and education of
the children.

As related to a division of property, the questions
before the court below were whether equitably the
Tuxedo property was held by plaintiff for the joint
use and benefit of herself and husband; and how much
was contributed by each on the contract covering the
Lafayette property.    To set out here even a brief
synopsis of the testimony relied on by each as establish-
ing their respective claims would extend this opinion
beyond legitimate bounds and would be of no interest
to the profession.    The learned circuit judge heard
the testimony, saw the witnesses and, as an aid in
arriving at a just result, had the important advantage

241—Mich.—6.

denied us of observing their appearance and manner. He did not file a written opinion, but his convictions and conclusions announced orally are in the record. The entire record has been inspected and considered with care and deliberation. We are unable to conclude the division made of the Lafayette contract was inequitable as between the husband and wife. But a portion of the share allotted to him should have been set over to the mother for the maintenance and education of the children.

Since the decree was signed the eldest child died. Two boys, aged eight and five, are living. Plaintiff has no income of consequence other than the rents of the Tuxedo and Lafayette buildings. After providing for interest, taxes, insurance, and essential repairs, the rents have proved barely sufficient to meet the monthly installments called for by the contracts. To provide money for the support of the children and her personal wants, plaintiff was obliged to seek employment. The Lafayette building is old and some of its rooms or apartments are frequently vacant. Whether the contract can be sold to realize the amount paid on it is problematical. Defendant is 40 years old, has had an extended business experience, and should be able to earn substantial wages. No property was taken from him and given to plaintiff as alimony. The effect of the decree was merely to quiet in her the title to property already hers. To educate the boys to the extent every American boy is entitled to be educated, to provide for them in sickness, to supply them with clothing and the other innumerable lesser expenses incident to the bringing up of two boys until they arrive at the age of 16 years, will amount in the aggregate to a considerable sum. Upon review of the entire situation, as disclosed by the record, we are of the opinion the decree should be modified so as to give of the contract held by the parties by the

entireties, one-third to plaintiff, one-third to defendant, and the remaining third to plaintiff for the support and education of the children, but subject to a lien thereon in her favor to the extent of $1,500, being the amount fixed by the decree as due her from defendant.

Modified to accord with this opinion, the decree will stand affirmed, with costs of this court to plaintiff.

Sharpe, C. J., and Bird, Fellows, Wiest, Clark, and McDonald, JJ., concurred.

The late Justice Snow took no part in this decision.